**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: October 22 2018

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.  18-32350 |
| | ) | |
| Nina Wilson, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

**MEMORANDUM OF DECISION AND ORDER REGARDING CREDIT COUNSELING**

This case comes before the court *sua sponte* for a determination as to whether Debtor Nina Wilson's ("Debtor") Chapter 7 case should be dismissed for failure to comply with the Bankruptcy Code's credit counseling requirements. Debtor filed a Certification Under 11 U.S.C. §109(h)(3) that details her attempt to comply with the Code's pre-filing credit counseling requirement. [Doc. #21].

This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and venue is proper under 28 U.S.C. §1409(a). The court has jurisdiction over core proceedings under 28 U.S.C. §§1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

For the following reasons, the court finds that Debtor has substantially complied with the Bankruptcy Code's credit counseling requirements. Accordingly, the court finds that Debtor is eligible for bankruptcy and will not dismiss her case.

**Factual Background**

Debtor filed for Chapter 7 bankruptcy on August 26, 2018. [Doc. #1]. On Part 5 of Debtor's Petition, she checked the box stating that she while she requested credit counseling services prior to filing, she was unable to obtain those services during the seven days after she made her request. [*Id.*, p. 5]. Thus, Debtor requested a 30 day temporary waiver of the credit counseling requirement and the court set the matter for hearing on August 9, 2018. [Doc. #8]. At the August 9th hearing, Debtor's attorney explained that Debtor had actually obtained credit counseling before filing her petition and that, due to the credit counseling agency's error, Debtor had failed to obtain a proper certificate. The court then permitted Debtor to submit evidence regarding her attempts to obtain Code-compliant credit counseling. After Debtor requested a deadline extension, which the court granted [Doc. #19], she submitted a Certification Under 11 U.S.C. §109(h)(3) on September 6, 2018. [Doc. #21].

In the affidavit attached to her Certification, Debtor states that she obtained telephonic credit counseling services from Access Counseling, Inc. ("Access") on July 24, 2018. [Doc. #21-1, p. 1]. However, after Debtor attempted to obtain a certificate of completion, Access informed Debtor that they were unable to locate her information and that she would be required to retake the credit counseling course. [*Id.*]. Upon retaking the credit counseling course on August 28, 2018, Debtor obtained and filed with the court a Certificate of Counseling. [Doc. #15].

**Legal Analysis**

The Bankruptcy Code's prepetition credit counseling[1] requirements can be traced to two statutory sections: 11 U.S.C. §§109(h)(1) and 521(b)(1). Section 109(h)(1) sets forth a debtor's responsibility to obtain approved prepetition credit counseling services within the 180 days prior to petition filing, whereas section 521(b)(1) requires that a debtor file with the court a certificate as evidence that the debtor received credit counseling services.

In this case, Debtor appears to have complied with both statutory requirements, albeit in an unorthodox manner due to the error by Access. First, Debtor's Certification [Doc. #21] states that she obtained credit counseling services prior to filing, thus putting her in compliance with §109(h)(1). Further, although Debtor's filed Certificate pertains to a credit counseling session that took place after she filed her petition, *see*, [Doc. #15], the court finds that she has nevertheless

---

1/ The term used in the statute is actually a "briefing" that outlines "opportunities for available credit counseling." See, 11 U.S.C. §109(h)(1). However, the requirement is most commonly referred to as "credit counseling."

18-32350-jpg    Doc 25    FILED 10/22/18    ENTERED 10/22/18 11:35:46    Page 2 of 4

complied with the plain language of §521(h)(1). By its own terms, §521(b)(1) only requires the filing of a certificate that describes the credit counseling services provided to a debtor, not a certificate that certifies that Debtor received those services prepetition. What is required is that the Debtor actually received the credit counseling prior to filing. Thus, when Debtor's Certification and Certificate are viewed in concert, the court is satisfied that both §109(h)(1) and §521(b)(1)'s requirements have been met because Debtor obtained prepetition credit counseling and filed a Certificate describing the services she received.

A review of the factors set forth by a bankruptcy court faced with a similar issue bolsters the court's conclusion that Debtor has substantially complied with the Bankruptcy Code's credit counseling requirements. In *In re Hess*, 347 B.R. 489 (Bankr. D. Vt. 2006), a bankruptcy court was faced with whether to dismiss a debtor's case for failure to comply with §109(h)'s prepetition credit counseling requirement. The *Hess* court set forth the following six "totality of the circumstances" factors to assist in its determination:

> (1) whether the debtor filed the case in good faith, (2) whether the debtor took all reasonable steps to comply with the statutory requirements, (3) whether the debtor's failure to comply was the result of circumstances that were both extraordinary and beyond the control of the debtor, (4) whether the debtor's conduct meets the minimum requirements of §109(h), (5) whether any party would be prejudiced by allowing the case to proceed, and (6) whether there are any unique equitable factors that tip the balance in one direction or the other.

347 B.R. at 498; *accord*, *In re Henderson*, 364 B.R. 906, 915 (Bankr. N.D. Tex. 2007); *In re Nichols*, 362 B.R. 88, 94 (Bankr. S.D.N.Y. 2007); *In re Kernan*, 358 B.R. 537, 539-40 (Bankr. D. Conn. 2007).

The court finds the *Hess* factors to be helpful here and each factor weighs in favor of allowing Debtor's case to proceed. First, the record before the court provides no indication that Debtor filed her case in bad faith. Second, Debtor's Certification, filed under penalty of perjury, states that she received prepetition credit counseling, only to later discover that the credit counseling agency failed to properly record her completion of the counseling. [Doc. #21]. Thus, the evidence presented demonstrates that the Debtor "took all reasonable steps to comply with the statutory requirements." Third, the issue before the court resulted from the credit counseling agency's error, a circumstance the court finds to be "extraordinary and beyond the control of the

18-32350-jpg    Doc 25    FILED 10/22/18    ENTERED 10/22/18 11:35:46    Page 3 of 4

debtor."

Fourth, Debtor has demonstrated that her conduct meets the threshold requirements of §109(h) given that she certified that she obtained approved credit counseling services within the 180 days prior to her filing for bankruptcy. *See*, [*Id.*]. Fifth, the record before the court provides no indication that any party to Debtor's bankruptcy would be prejudiced by allowing her case to continue.

Finally, in terms of "unique" equitable factors at play in this case, the court finds that, in terms of equity, Debtor has done her best to comply with the Code's requirements, including actually receiving the credit counseling before filing her Chapter 7 Petition. However, the court notes that this issue is very close given that the only piece of relevant evidence at hand is Debtor's affidavit. While the court has concerns that allowing Debtor's case to proceed would encourage the filing of affidavits in lieu of the more reliable certificates of counseling, the bankruptcy process relies heavily on a Debtor's truthful statements, made under penalty of perjury, and the record is devoid of any indication that Debtor's affidavit is untruthful. Were the U.S. Trustee to take an interest in this case and discover evidence that indicates that Debtor's affidavit is false, the court would consider any newfound evidence, and the propriety of sanctions.

Thus, the court finds that all six *Hess* factors weigh in favor of allowing Debtor's case to proceed.

In sum, although Debtor's Certificate of Counseling pertains to a credit counseling session that took place after she filed her Petition, her supplementary Certification establishes that she received credit counseling services before filing. Thus, the court finds that Debtor has satisfied both §§109(h)(1) and 521(b)(1) and will allow her case to proceed.

Wherefore, for all of the reasons stated herein,

**IT IS ORDERED** that Debtor's bankruptcy case will not be dismissed.